IN RE VÍCTOR RIVERA COLÓN, Respondent.

No. 94.   Submitted February 6, 1958.—Decided October 16, 1959.

*Guillermo S. Pierluisi* for respondent.   *Hiram R. Cancio, Secretary of Justice (J. B. Fernández Badillo, former Secretary of Justice,* and *Arturo Estrella, Assistant Attorney General,* in the Report of the *Fiscal* to this Court), and *Alfredo Archilla Guenard, Fiscal of the Supreme Court,* for The People.

## ORDER

WHEREAS: The *Fiscal* of this Court has filed a complaint against Víctor Rivera Colón, attorney-at-law, charging him with (1) a voluntary and malicious violation of Canons Nos. 15 and 22 of the "Canons of Professional Ethics Governing the Conduct of Lawyers of Puerto Rico," because in an appeal to this Court in the case of *Rafael A. Bernabe* and *Manuel Benítez Flores*, plaintiffs-appellees v. *Marcus Bahr*, defendant-appellant, civil case No. 12,082, Injunction, upon requesting the reconsideration of the dismissal of the appeal decreed by this Court on the ground of abandonment, he falsely alleged that the transcript of evidence required by law was duly filed in the Superior Court of Puerto Rico, San Juan Part, pending a hearing by said court for the approval thereof; respondent knowing that only part of said transcript was filed and also in not acting in good faith in further alleging in the afore-mentioned reconsideration that due to forgetfulness or confusion in his assignments he had failed to file his objection to appellee's motion to dismiss when the truth is that as soon as he was notified of the motion to dismiss, he moved rapidly and actively in the Superior Court of Puerto Rico trying to perfect the appeal which he had allowed to die by abandonment, before this Court would finally dismiss his appeal, knowing that it is unprofessional and dishonorable to deal other than candidly with the facts in filing such allegations; (2) having filed the motion for reconsideration referred to in the previous charge in which he made grave and serious charges against his fellow attorney who was representing the appellee, asserting that the averments in the motion to dismiss did not conform to the truth and that he had surprised the good faith of this Court, which charges are false and ungrounded and harm the good name, the honor and reputation of his colleague and brother in the bar.

WHEREAS: Canon 15 of the "Canons of Professional Ethics Governing the Conduct of Lawyers of Puerto Rico," forbids an attorney to make false allegations for the purpose of winning the causes entrusted to him and Canon 22 provides that it is unprofessional and dishonorable to deal other than candidly with the facts in drafting an allegation.

WHEREAS: After this case was referred to Judge Ramón Cancio to hear the evidence, duly certify and submit it to this Court with his findings of fact, Judge Ramón Cancio sent his report considering the charges filed against the respondent as proven in their totality.

WHEREAS: After studying the respondent's objections to Judge Cancio's report and examining the evidence presented to said magistrate it is clear that Canon 15 as well as Canon 22 of the "Canons of Professional Ethics Governing the Conduct of Lawyers of Puerto Rico," were violated although it appears from the evidence that there were special circumstances that led respondent to believe, that, if not entirely, at least a substantial part of said transcript of evidence was already prepared and filed in the Superior Court of Puerto Rico, San Juan Part, and the commission by appellee's attorney of certain omissions, in good faith, in filing his motion to dismiss, which though not warranting respondent's violation of the said canons, tend to lessen their harmful effect on the best practice of our profession and the administration of justice.

THEREFORE: It is hereby decided to censure, as this Court does censure, Víctor Rivera Colón for his conduct in the filing of the Motion for Reconsideration in the above-entitled case.

It was so ordered by the Court as witness the signature of the Acting Chief Justice.